CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
FEB 20 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| JERMAINE M. CALLUM, ) | |
| Petitioner, ) | Civil Action No. 7:06cv00472 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Hon. Norman K. Moon |
| Respondent. ) | United States District Judge |

Jermaine M. Callum, a federal inmate proceeding pro se, filed this 28 U.S.C. § 2255 motion challenging his conviction for two counts of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1); tampering with a witness or informant in violation of 18 U.S.C. § 1512(b)(1); and criminal contempt of a court order in violation of 18 U.S.C. § 402. Callum claims that his attorney was constitutionally ineffective in failing to discuss the initial plea agreement with him and in failing to file a notice of appeal upon his request. Callum also alleges prosecutorial misconduct. This matter is before the court on respondent's motion to dismiss. For the reasons set forth herein, the court will refer the matter for an evidentiary hearing on the issue of whether Callum requested his counsel file a direct appeal.

## Background

On July 14, 2004, Callum was indicted on two counts of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). In January 2005, a plea was extended to Callum and he accepted. However, at a hearing on February 22, 2005, the court did not accept his plea after it determined that Callum did not fully understand the plea. Thereafter, on April 6, 2005, a superceding six-count indictment ("Superceding Indictment") was handed down, charging Callum with two counts of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) ("Count One" and "Count Two"); tampering with a witness or informant in violation of 18 U.S.C. § 1512(b)(1) ("Count Three");

threatening communication in violation of 18 U.S.C. § 1503 and 2 ("Count Four"); alteration or destruction of a record in an official proceeding in violation of 18 U.S.C. § 1512(c) ("Count Five"); and criminal contempt of a court order in violation of 18 U.S.C. § 402 ("Count Six"). On May 12, 2005, pursuant to a second written plea agreement, Callum pled guilty to Counts One, Two, Three, and Six of the Superceding Indictment. In the agreement, he waived his right to appeal his sentence imposed on any ground (Plea Agree. at 4), to collaterally attack the judgment and sentence imposed by the court (Plea Agree. at 4), and to bring any claim he might have regarding ineffective assistance of counsel known and not raised at the time of sentencing (Plea Agree. at 6-7). At his plea hearing on May 12, 2005, the court found that his plea was knowing and voluntary and accepted it. In exchange for his guilty plea, the government agreed to move to dismiss the remaining two counts against Callum and to recommend a two-level sentencing reduction for acceptance of responsibility.

The court ultimately sentenced Callum to 120 months as to each of Counts One, Two, and Three and six months as to Count Six, all to run concurrently. In addition, upon release from imprisonment, the court sentenced him to three years of supervised release as to each of Counts One, Two, and Three, all to run concurrently. He did not appeal his conviction or sentence.

## Discussion

One of Callum's claims of ineffective assistance is that counsel failed to file an appeal upon Callum's request.[1] Because this claim pertains to a phase post-dating execution of his waiver, it falls outside its scope, requiring the court to assess this claim on its merits.[2]

---

[1] Callum's attorney disputes this allegation in an affidavit submitted with the government's motion to dismiss.

[2] See United States v. Attar, 38 F.3d 727 (4th Cir. 1994) (allowing petitioner to raise claim that he was denied assistance of counsel at sentencing despite execution of a waiver of the right to directly appeal); United States v. Baker, 109 Fed.Appx. 535 (4th Cir. 2004) (per curiam) (unpublished) (characterizing Attar as standing for the proposition that a waiver of appellate rights does not apply when petitioner "asserts a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea.").

2

"An attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective." United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000) (citing Roe v. Flores-Ortega, 528 U.S. 470 (2000)); see also United States v. Peak, 992 F.2d 39, 42 (4th Cir, 1993). The aggrieved inmate need only show "that . . . counsel was ineffective and . . . but for counsel's ineffectiveness, an appeal would have been filed." Id. The inmate need not show a reasonable probability of success on appeal. See id. In light of Callum's allegation that he instructed his attorney to file an appeal, and his attorney's conflicting affidavit denying that Callum ever made the request, the court refers the matter to United States Magistrate Judge B. Waugh Crigler for an evidentiary hearing on this issue.[3]

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to the petitioner, counsel of record for the respondent, and Judge Crigler.

ENTER: This 20th day of February, 2007.

*[signature]*
United States District Judge

---

At issue in Attar was a waiver of the right to directly appeal. The Fourth Circuit has yet to directly address the issue of whether Attar principles apply to waivers of the right to collaterally attack, and district courts addressing the issue have arrived at conflicting conclusions. Compare Braxton v. United States, 358 F.Supp. 2d 497, 502-03 (distinguishing waivers of the right to directly appeal from waivers of the right to collaterally attack and concluding that Attar principles are inapplicable to the latter), to Crawford v. United States, 2005 WL 1330519 (N.D. W.Va. 2005) (rejecting Braxton and allowing petitioner to raise claim of ineffective assistance at sentencing despite execution of a waiver of the right to collaterally attack) and Moon v. United States, 181 F.Supp.2d 596, 598-99 (E.D.Va. 2002) (finding Attar principles applicable to waivers of the right to collaterally attack). However, in the 2005 case of United States v. Lemaster, 403 F.3d 216, 220 n2 (2005), which post-dates two of the conflicting precedents, the Fourth Circuit acknowledged that the applicability of Attar to collateral attack waivers was not squarely before the court but, nevertheless, noted, "[W]e have no occasion to consider whether a district court should address similar claims in a § 2255 motion despite a general waiver of collateral attack rights. As we noted above, however, we see no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights."

[3] Because Callum will receive another opportunity to file a direct appeal if the court ultimately rules in his favor, the court will not address the government's motion to dismiss as to Callum's other claims at this time. See United States v. Killian, 22 Fed. Appx. 300, 301 (4th Cir. 2001) (noting that when a district court grants a § 2255 motion due to counsel's failure to file a direct appeal, the district court should not address the merits of the petitioner's remaining claims, but instead dismiss those claims without prejudice).

3